```
               UNITED STATES DISTRICT COURT
                        FOR THE
                  DISTRICT OF VERMONT
```

United States of America        :
                                :
         v.                     :    File No. 1:07-cr-96-jgm
                                :
Justin Conley                   :

<u>OPINION AND ORDER</u>
(Docs. 99 and 100)

Defendant Justin Conley, a federal inmate proceeding *pro se*, has filed a "Motion for a 'Bill of Review'" in which he asks the Court to revisit his sentence calculation. Conley was convicted of conspiracy to distribute cocaine, and on October 1, 2008 was sentenced to the statutory minimum of 120 months in prison. He did not appeal. Conley now claims his criminal history category was miscalculated, and the error meant he did not qualify for the "safety valve" provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. Conley brings his motion under to Fed. R. Civ. P. 60(b)(3).

The Court first notes Fed. R. Civ. P. 60(b) pertains to civil actions. "To the extent that the judgment from which a petitioner seeks relief is the prison sentence imposed following his conviction in a criminal case, Rule 60(b) does not apply." <u>Holloway v. United States</u>, 2006 WL 516826, at *1 (E.D.N.Y. Feb. 28, 2006); <u>see</u> <u>also</u> <u>Harris v. United States</u>, 367 F.3d 74, 77 (2d Cir. 2004). In addition, the Court will not construe Conley's motion as a petition for writ of habeas corpus because the one-

year limitations period set forth in 28 U.S.C. § 2255 has passed, and Conley offers no indication that any of the statutory exceptions apply.  28 U.S.C. § 2255.

As to timeliness, Rule 60(b) also has time limitations. Specifically, Rule 60(b)(3) requires filing "within a reasonable time" but "no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1). Conley submitted his motion over two years after the judgment in his criminal case became final.  Consequently, and assuming that Rule 60(b) is an appropriate vehicle for relief, the motion is untimely.

The motion also lacks substantive merit.  Conley claims he was awarded criminal history points that should have been excluded under U.S.S.G. § 4A1.2(c).  One such point was assigned as a result of his prior conviction for driving with a suspended license.  Conley argues that according to § 4A1.2(c)(1), a conviction for driving with a revoked or suspended license is counted only the if the sentence involved a term of probation for more than one year or imprisonment for at least 30 days.  Conley received a $300 fine.

The first sentence of § 4A1.2(c) states that "[s]entences for all felony offenses are counted."  Under the Guidelines, an offense is considered a felony if it is "punishable by death or a term of imprisonment exceeding one year, regardless of the actual

2

sentence imposed." U.S.S.G. § 4A1.2(o).  In Vermont, driving with a suspended license is punishable by up to two years in prison.  23 V.S.A. § 674(a)(1).  Accordingly, driving with a suspended license in Vermont is a felony offense under the Guidelines, and this offense was properly awarded one point in the calculation of Conley's criminal history.

Conley concedes his conviction for driving while intoxicated ("DWI") was properly counted, but nonetheless contends that the "area leaves room for debate."  (Doc. 99 at 7.)  The government responds that, according to Application Note 5 to § 4A1.2(c), such convictions are always counted because they "are not minor traffic infractions within the meaning of § 4A1.2(c)."  U.S.S.G. § 4A1.2, Application Note 5.  The Second Circuit recently rejected this broad interpretation of the Application Note. United States v. Potes-Castillo, 2011 WL 855794, at *4-*5 (2d Cir. March 14, 2011).  However, as with his suspended license conviction, Conley's DWI first offense conviction carried a maximum penalty of up to two years in prison, 23 V.S.A. § 1210(b), and thus qualified as a felony under U.S.S.G. § 4A1.2(o).  The offense, therefore, could not be excluded under § 4A1.2(c).

Each of the convictions warranted one criminal history point.  With two criminal history points, Conley moved into criminal history category II, and became ineligible for a "safety

valve" sentence.  See U.S.S.G. § 5C1.2(a)(1).  Consequently, and in addition to the procedural reasons, his "Motion for a 'Bill of Review'" (Doc. 99) is DENIED, and the government's Motion to Deny (Doc. 100) is GRANTED.

    SO ORDERED.

    Dated at Brattleboro, in the District of Vermont, this 5th day of April, 2011.

                           /s/ J. Garvan Murtha
                           Honorable J. Garvan Murtha
                           Senior United States District Judge